PEOPLE, PLAINTIFF AND APPELLEE, *v.* ZAYAS ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan, Section 2, in in a Prosecution for Violation of Section 288 of the Penal Code.

No. 1276.—Decided June 29, 1918.

ASSIGNATION HOUSE—EVIDENCE.—In a case of this kind neither the law nor common sense requires complete evidence of an unsavory reputation in addition to conclusive proof of the real character of the house. The essence of the crime is the keeping of the house, independently of its reputation. The statute pursues the act, not the reputation; the substance, not the shadow.

The facts are stated in the opinion.

*Mr. Celestino Iriarte, Jr.,* for the appellants.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Apellants were convicted of keeping a disorderly house and of letting apartments knowing that they were to be used for the purpose of assignation or prostitution, on an information specifying section 288 of the Penal Code and charging the facts as follows:

"The above-named Clotilde Zayas and Ramón Zayas, during the month of February, 1918, at 5 Princesa Street, Marina, within the judicial district of San Juan, unlawfully, wilfully and knowingly kept an assignation house, letting rooms knowing that they were to be used for the purpose of assignation."

There is no specific assignment of error and the brief is in substance an argument addressed to the sufficiency of the evidence, the contention being that neither the character nor the reputation of the house in question nor knowledge on the part of defendants as to the character of their guests or the purpose for which they visited the "hotel" was established.

The testimony leaves little room for doubt that the alleged hotel was in fact an assignation house.

In cases of this kind, neither common sense nor the law requires full proof of an unsavory reputation in addition to conclusive evidence of an actual bad character.

"The gist of the offense is the keeping of the house, irrespective of its fame.  The statute aims at the fact, not the fame; at the substance, not the shadow." *State* v. *Plant*, 48 Am. St. Rep. 821, at page 824, and other cases cited in 9 R. C. L., p. 220, § 4.

The fact, if it be a fact, that one of the defendants who admits that he is the owner of the "hotel" was in a hospital at the time laid in the information does not relieve him of his responsibility as keeper, there being no suggestion of any sudden change in the character of the establishment during his temporary absence.

The other defendant, a brother of the proprietor, was in charge on the night of the raid and had admitted the guests found in the "hotel" under circumstances which exclude any

reasonable doubt as to his guilty knowledge. We need not rehearse the facts in detail.

While the *prima facie* case made by the prosecution might have been stronger it is not weakened perceptibly by the testimony for the defense and taking the evidence as a whole we cannot say that it does not support the judgment, which must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.